## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVI HAWKINS, a/k/a LEVI MCRAE ) | |
| LUGINBYHL, JR., #10089-062, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-128-GPM |
| ) | |
| LISA J.W. HOLLINGSWORTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate currently in the United States Penitentiary in Terre Haute, Indiana, was at all times relevant to this action held in the United States Penitentiary in Marion, Illinois. Plaintiff brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.[1]

## FACTS ALLEGED IN AMENDED COMPLAINT

Plaintiff is a member of the religious group House of Yahweh.  He requested the right to assemble on his Sabbath; time for prayer, studying, and meditation; and the right to watch video sermons of the elders of his faith.  Plaintiff's religious group was not given its own religious observation time; instead, Defendant Roloff coupled Plaintiff's group with another religious group. Although tapes, videos, and books concerning the House of Yahweh are available, the time spent waiting in line to retrieve these items cuts into worship time.  Further, Plaintiff has been consistently denied a religious diet and is instead provided standard prison food, which allegedly contains hormones, antibiotics, steroids, microwaves, herbicides, pesticides, chemicals, microorganisms, bacteria, and parasites.  Plaintiff also is denied kosher food, real sea salts, sugars, butter, wine, honey, and other needed supplements.

At some unspecified time or times, Plaintiff's requests for copies, postage, and other materials necessary to file proper court claims were denied.  Defendants Deaton and Bryson

---

[1]At the outset, the Court recognizes that there is some doubt as to the viability of *Bivens* claims going forward in light of the United States Supreme Court's recent oral argument in *Minneci, et al. v. Pollard* (docket 10-1104).  This Court finds it most efficient to conduct the threshold review in this case.  After Defendants are served, the case will be in a better posture to consider, on Defendants' motion, the Supreme Court's ultimate holding.

specifically refused Plaintiff's request for copies and notary services, and Defendant Deaton subsequently stole documents that Plaintiff asked him to copy.

On April 13, 2011, the prison's legal instruments examiner, who is not named as a party in this action, informed inmates that grievances could no longer be received through the mail but must "go through unit team our inmate counselors [sic]" (Doc. 10, p. 18). Plaintiff attempted to comply with this procedure, but he was denied, and the proper authorities were not notified.

On yet another unspecified date, Plaintiff was given a disciplinary hearing.[2] At the hearing, there was no tape or video recording, and the facts attested to in the hearing were not independently verified. The policies that governed both the hearing and the appeal were ambiguous and did not provide specific time frames for action to be taken.

Plaintiff was placed in segregation at some point, and Defendants Benet and Bryson confiscated his private property without keeping a log book documenting what property was taken and when. Plaintiff's property was later lost without a record ever having been completed as to its confiscation. Plaintiff was told that if he did not sign a property release form releasing officials of liability, even more of his property would be taken. When Plaintiff asked about this practice, he was informed that Defendant Ormandy ordered that property confiscated as contraband does not need to be reported.

On other unspecified dates, Plaintiff was subjected to retaliation by Defendants Runge, Deaton, Baney, Bryson, Benet, and Lewis for the filing of grievances. Defendant Runge made false statements against Plaintiff; Defendant Deaton denied Plaintiff a fair disciplinary hearing and postage; Defendant Baney wrote Plaintiff disciplinary tickets for bribery and threats; Defendant

---

[2]Plaintiff does not specify for what offense the hearing was held.

Bryson denied Plaintiff copies, postage, and threw his property away; Defendant Benet stole property from Plaintiff and assaulted him by throwing a shower shoe; and Defendant Lewis used an old misconduct policy to discipline Plaintiff.

**DISCUSSION**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* amended complaint into numbered counts, as shown below. The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1:      Free Exercise of Religion**

Plaintiff claims that his rights to the free exercise of religion were violated when he was denied the right to assemble, time for prayer and study, and the right to watch videos.  He further claims that his rights were violated when Defendant Roloff failed to give Plaintiff's religious group its own observation time but, instead, placed the House of Yahweh with another religious group. Plaintiff also complains that he is denied a religious diet.

Incarcerated individuals retain the right to exercise their religious beliefs.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A prison regulation that infringes on inmates' constitutional rights is valid "only if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  However, this does not mean that "these rights are not subject to restrictions and limitations."  *Bell v. Wolfish,* 441 U.S. 520, 545 (1979).  Prisoners do not "retain the same freedom to exercise their religion as they would in the world outside the prison, [but] they may not be denied

basic rights of conscience." *Thompson v. Commonwealth of Ky.,* 712 F.2d 1078, 1081 (6th Cir. 1983). A prison "need make only reasonable efforts to afford the inmates an opportunity to practice their faith." *Al-Alamin v. Gramley,* 926 F.2d 680, 687 (7th Cir. 1991). "In providing this opportunity, the efforts of prison administrators, when assessed in their totality, must be evenhanded." *Id.* at 686. "[W]hether inmates were deprived of 'all means of expression' [is] an important consideration in measuring the reasonableness" of the interference with free exercise. *Woods v. O'Leary,* 890 F.2d 883, 887 (7th Cir. 1989), *citing O'Lone v. Estate of Shabazz,* 482 U.S. 342, 352 (1987)). To succeed on his free exercise of religion claim, Plaintiff must establish that he was denied a basic right of conscience, *Thompson,* 712 F.2d at 1081, and that the prison did not make a reasonable and evenhanded effort to afford him the opportunity to practice his faith, *Al-Alamin,* 926 F.2d at 686-87.

As to Plaintiff's claim that he was not allowed the right to assemble on his Sabbath, time for prayer, or videos to watch, restrictions on access to religious services and other opportunities are reviewed in light of four factors: (1) whether there is a valid and rational connection between the regulation prohibiting access and a legitimate governmental interest to justify it; (2) whether there are alternative means of exercising the right to practice religion that remain open to inmates; (3) whether accommodation of the right to practice would have a significant impact on prison staff or other inmates; and (4) whether the regulation is reasonable in terms of allowing prisoners use of available alternatives. *Turner v. Safley*, 482 U.S. 78 (1987); *see also Beard v. Banks*, 548 U.S. 521 (2006).

Although his religious group may not have had their own individual worship time slot, Plaintiff states that Defendant Roloff paired them with another group, indicating that his group did

have a chance to assemble, though it may not have been on Plaintiff's Sabbath day. At this point, it is not clear to the Court whether Defendant Roloff had a reasonable, legitimate interest that would justify denying Plaintiff's request to have a worship time on his Sabbath and separate from other groups. Further, it is not clear whether Defendant Roloff was responsible for determining on what days groups were allowed to convene or whether he simply put groups in whatever slot was available. For these reasons, this claim cannot be dismissed at this time.

As to Plaintiff's claim that he is being denied a kosher diet, it is well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990) (citing cases). That being said, a prison is not required to accommodate every element of a prisoner's religious diet; so long as the prison accommodates the dietary needs shared by a significant number of prisoners, the prison has met its burden. *See id.*, *citing Kahey v. Jones*, 836 F.2d 948 (5th Cir. 1988); *see also Andreola v. Wis.*, 171 Fed. App'x 514, 515-16 (7th Cir. 2006) ("The first amendment does not require prisons to accommodate every element of each inmate's faith" because to do so would be "both costly and unavailing.").

Plaintiff claims that his diet is unacceptable for a multitude of reasons, including the presence of chemicals, bacteria, etc.; he is denied sea salts, sugars, butter, wine, honey, and other supplements; and the food itself is not kosher. It is doubtful that Plaintiff is any more susceptible to chemicals and bacteria than most prisoners. The Court doubts this has anything to do with Plaintiff's religion. Although Plaintiff's religion may require the consumption of sea salts, sugars, butter, wine, etc., these are the types of accommodations that become "costly and unavailing." The Court will not require the prison to supply these provisions to Plaintiff. The requirement of kosher

meals, however, is a different matter.  In *Andreola*, the Seventh Circuit Court of Appeals determined that the plaintiff was receiving meals that most members of his faith would consider kosher, and that this was enough for the prison to be able to show that the plaintiff's exercise of his faith was not substantially burdened.  171 Fed. App'x at 515-16  In the case at bar, there is insufficient information for the Court to make a determination whether the food provided at the prison was "kosher enough" in the opinion of most members of the House of Yahweh such that Plaintiff's religious exercise was not substantially burdened.  What may have been kosher to one religion may not have been so to another.  For these reasons, this claim cannot be dismissed.  However, the Court notes that Plaintiff has not specified which named Defendant, if any, is responsible for this deprivation.  Thus Plaintiff is instructed to amend his complaint to include the names of those individuals specifically responsible for the failure to provide him with a kosher diet.

**Count 2:**         **Access to Courts**

Plaintiff next claims that he was denied access to the courts when Defendants Deaton and Bryson refused his requests for copies and notary services.  He alleges that his rights were violated when Defendant Deaton stole documents that Plaintiff asked him to copy for court proceedings.  Prisoners have a constitutional right to reasonable access to courts, and prison officials have a duty to provide that access. *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988).  However, 'reasonable access' does not mean inmates have a right to unlimited access. *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 (7th Cir. 1987).  This claim will be discussed further below, as it pertains to the issue of severance.

**Count 3:**         **Grievance Procedure**

Plaintiff next claims that beginning in April 2011, the inmate grievance procedure was

changed so that grievances could no longer be sent through the mail.  Instead, inmates would be required to submit grievances to inmate counselors.  At some point, Plaintiff attempted to utilize this new procedure but was unsuccessful.  Plaintiff claims that this amounts to a constitutional violation.

Prison grievance procedures are not constitutionally mandated and, thus, do not *per se* implicate the Due Process Clause.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*. 538 F.3d 763, 772 n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Plaintiff has not alleged that those individuals who handled his grievances were in any way involved in the conduct underlying the grievances.  As a result, Plaintiff's allegations that his grievances were mishandled do not state a constitutional claim upon which relief can be granted.  This claim is **dismissed** with prejudice.

### Count 4:        Due Process

On some unspecified date, Plaintiff was given a disciplinary hearing.  Plaintiff complains that during this hearing, there was no video or tape recording evidence presented and that the facts presented at the hearing were not independently verified.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided:  (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857

F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).   To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).   This claim will be further discussed below, as it pertains to the issue of severance.

### Count 5:        Deprivation of Property

Plaintiff next claims that Defendants Benet, Bryson, and Ormandy violated his constitutional rights when Defendants Benet and Bryson confiscated Plaintiff's property at various times at the direction of Defendant Ormandy, who stated that certain confiscated property need not be reported. Plaintiff's property was not returned to him, and when he inquired into its whereabouts, he was informed that it had been lost.

The Supreme Court has held that deprivation of an inmate's property does not violate the due process clause *if* the government provides an adequate remedy.  *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).   The Seventh Circuit Court of Appeals has held that federal prisoners may bring suit, pursuant to the Federal Torts Claim Act, for injuries sustained through the negligent acts of prison officials.  *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003), *discussing United States v. Muniz*, 374 U.S. 150 (1963).  This would make the Federal Torts Claims Act an adequate remedy to address the negligent deprivation of personal property.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq*, is "a limited waiver of sovereign immunity" that makes the United States liable "for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

In relevant part, the FTCA allows for "claims against the United States, for money damages … for injury or loss of property … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  This would apply where a Bureau of Prisons official, who is a federal employee, commits an applicable tort against an inmate.  However, there are certain exceptions to this coverage.  Section 28 U.S.C. § 2680(c) states that the FTCA immunity waiver does not apply to "[a]ny claim arising in respect of … the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

The Supreme Court has held that this language applies to instances in which an inmate attempts to sue the United States when a federal prison has lost his or her property.  *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 227-28 (2008).  The Court further held in the *Ali* case that Federal Bureau of Prisons employees  are "other law enforcement officers" under the FTCA, which means that prisoners whose property is "detained" by Federal Bureau of Prisons employees cannot bring suit under the FTCA.  *Ali*, 552 U.S. 214.

With this ruling, it no longer seems that the FTCA is an adequate remedy for inmates alleging intentional deprivation of personal property.  If this is the case, *Hudson* would seem to indicate that these claims raised by federal inmates can be brought pursuant to the due process clause.  *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984) (deprivation of an inmate's property does not violate the due process clause where there exists an adequate post-deprivation remedy).  At this point, it is not entirely clear whether the Supreme Court opened up this avenue to federal inmates.  This Court is unable to dismiss this claim at this point in the litigation.

**Count 6:       Retaliation**

Lastly, Plaintiff claims that Defendants Runge, Deaton, Baney, Bryson, Benet, and Lewis retaliated against him for filing grievances.  Specifically, he alleges that false statements were made against him, he was denied a fair disciplinary hearing, postage and copies were denied, his property was stolen and thrown away, and he was assaulted.

Even though some of these allegations likely would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983.[3]  *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper."); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).  This claim will be discussed further below, as it pertains to the issue of severance.

**Unspecified Defendants**

Plaintiff lists Weaks, Department of Justice, Federal Bureau of Prisons, Irvin, Orthodox Union of Orthodox Jewish Congregations of America, Pryer, RPF Inc., and Watts as defendants in the caption of his complaint, but he fails to include them elsewhere in his amended complaint.  The Court is therefore unable to ascertain what claims, if any, Plaintiff asserts against these defendants.

The Court is required to liberally construe *pro se* complaints.  *Haines v. Kerner*, 404 U.S.

---

[3]The Court again notes that, while *Bivens* claims typically have been evaluated under the standards applied to claims filed under 42 U.S.C. § 1983, the Supreme Court likely will clarify the appropriate standards later this term.

519, 520-21 (1972).  Nonetheless, a plaintiff is required to associate specific defendants with specific claims to put the defendants on notice of the claims brought against them so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Merely invoking the name of a defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not asserted any allegations against Weaks, Department of Justice, Federal Bureau of Prisons, Irvin, Orthodox Union of Orthodox Jewish Congregations of America, Pryer, RPF Inc., and Watts, he has not adequately stated claims against these individuals. Accordingly, Weaks, Department of Justice, Federal Bureau of Prisons, Irvin, Orthodox Union of Orthodox Jewish Congregations of America, Pryer, RPF Inc., and Watts are **dismissed** without prejudice from this action.

Plaintiff also listed Defendants Hollingsworth and Lappin in his complaint and attempts to state claims against these individuals based on their relationship to other defendants.  Specifically, because Hollingsworth and Lappin are alleged to have commanding roles in the prison and over some of the defendants, Plaintiff claims that Hollingsworth and Lappin are responsible for the unconstitutional actions of their subordinate officers.

The doctrine of respondeat superior does not apply to § 1983 actions, so in order to be liable, a defendant must be alleged to be personally responsible for the constitutional violation.  *See Chavez*

*v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001), *citing Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  Where a defendant is alleged to have directed the conduct or to have had knowledge of or given consent to the challenged conduct, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant did not participate directly in the violation.  *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000).  A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.").

Nowhere in his complaint does Plaintiff allege that either Defendants Hollingsworth or Lappin were aware of any unconstitutional actions taken by their subordinates.  Nor does Plaintiff allege that these Defendants "purposefully ignored" conduct.  Because there are no sufficient allegations to make Defendants Hollingsworth and Lappin personally responsible, they are **dismissed** with prejudice from this action.

### Pending Motions

On March 21, 2011, Plaintiff filed a motion to submit evidence, which appears to be some sort of discovery request.  Defendants have not yet been served in this action; therefore, any such request is premature.  The motion (Doc. 3) is **DENIED**.

On June 20, 2011, Plaintiff filed a motion for a preliminary injunction, in which he attempts to assert new claims concerning the mailing of documents, harassment, and retaliation.  Importantly, this motion was filed before Plaintiff filed his amended complaint.  A "preliminary injunction is an

extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc. v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (emphasis in original). In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. A plaintiff must establish that: (1) there is a reasonable or substantial likelihood that he will succeed on the merits; (2) there is no adequate remedy at law; (3) absent an injunction, he will suffer irreparable harm; (4) the irreparable harm suffered by the plaintiff in the absence of the injunctive relief outweighs the irreparable harm that the defendants will endure if the injunction granted; and (5) the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *see also Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

A preliminary injunction is not appropriate here. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm, and there is not a substantial likelihood, at this point, that Plaintiff will succeed on the merits. Additionally, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. The motion (Doc. 5) is **DENIED**.

On June 30, 2011, Plaintiff filed a motion for clarification, again attempting to add new claims to his case, and requesting appointment of counsel. Plaintiff further asks the Court to direct him with his case and specifically inquires whether he must amend his complaint before threshold review can take place. While this motion was filed after the amended complaint was entered, Plaintiff likely mailed it before he learned that the amended complaint was filed.

On July 18, 2011, Plaintiff filed a motion for a temporary restraining order and again requesting appointment of counsel.  In this motion, Plaintiff asks the Court to "correct" certain allegations contained in the amended complaint.

The Court will not "correct" Plaintiff's allegations, nor will it consider as part of the amended complaint new claims raised in a motion.  As for Plaintiff's request for counsel, there is no absolute right to appointment of counsel in a civil case.  *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).  When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the . . . plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself."  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).  With regard to the first step of the inquiry, there is no indication that Plaintiff has made any effort to obtain counsel on his own or been effectively precluded from doing so.  Plaintiff's motions for clarification, for a temporary restraining order, and for appointment of counsel (Docs. 12, 13) are **DENIED**.

If Plaintiff seeks to add new claims, he must file a motion seeking leave to do so and submit a proposed second amended complaint.  If Plaintiff intends to pursue his claim that certain individuals failed to provide him with a kosher diet, he must file a motion for leave to file a second amended complaint to name the responsible parties and, again, submit the second amended complaint.

**Severance**

The claims asserted in Counts 2, 4, and 6 do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as Count 1.  Separate, unrelated claims belong

in different suits.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  The claims against Defendants Deaton, Bryson, Runge, Baney, Benet, Ormandy, and Lewis  in Counts 2, 4, 5, and 6 of the amended complaint are not sufficiently related to the claims against Defendant Roloff in Count 1 so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever Counts 2, 4, 5, and 6.  If these claims are severed, they would be removed from this case and opened in a new case or cases.  A new case number or numbers would be assigned and additional filing fees would be assessed.  Because the imposition of multiple filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of multiple filing fees) by filing a motion to voluntarily dismiss Counts 2, 4, 5, and/or 6 without prejudice within **45 days** of the date of this order.  Before filing that motion, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

### SUMMARY

**IT IS HEREBY ORDERED** that Defendants **HOLLINGSWORTH** and **LAPPIN** are **DISMISSED with prejudice** from this action.  Defendants **WEAKS, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, IRVIN, ORTHODOX UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA, PRYER, RPF INC.,** and **WATTS** are **DISMISSED without prejudice** from this action.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **ROLOFF**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendant **ROLOFF**  pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States,

and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant **ROLOFF** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter is **REFERRED** to Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and

each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      DATED: November 15, 2011

                                    *s / G. Patrick Murphy*
                                      G. PATRICK MURPHY
                                      United States District Judge