**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LEVI HAWKINS, a/k/a LEVI MCRAE LUGINBYHL, JR., # 10089-062** | ) )  ) |
| **Plaintiff,** | ) ) ) **CIVIL NO. 11 - 128-GPM** |
| vs. | ) ) |
| **LISA J.W. HOLLINGSWORTH,** *et. al.*, | ) ) |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

There are currently two pending motions, filed by Plaintiff, that are now before the Court. The first motion asks for a stay, leave to file a second amended complaint, and an extension of time to file a motion for reconsideration of the Court's order (Doc 19). The second motion also asks for a stay and seeks leave to file a second amended complaint (Doc. 20). Yet the second motion also contains a memorandum and brief of law, which this Court has considered and construes as a motion for reconsideration of the Court's Order dated November 15, 2011 (Doc. 20).

From the outset, this Court finds Plaintiff's second motion (Doc. 20) renders Plaintiff's first motion (Doc. 19) **MOOT**. Plaintiff's second motion contains two identical requests for relief as the first motion; leave to file a second amended complaint and for a stay. Plaintiff's request for an extension of time to file a motion for reconsideration (Doc. 19) is moot because this Court has construed Plaintiff's memorandum and brief of law (Doc. 20) as a motion for reconsideration. Therefore, Plaintiff's first motion (Doc. 19) is **MOOT**.

Plaintiff's motion for reconsideration of the Court's Order dated November 15, 2011 is **DENIED**. The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion to reconsider is "filed" later than 28 days after the entry of the challenged order, the motion is analyzed under Rule 60(b). FED. R. CIV. P. 60(c)(1).

Federal Rule of Civil Procedure 60(b) provides relief from judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by movant for setting aside an order or judgment must be something that could not have been used to obtain a reversal by direct appeal. *See e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Upon review of the record, the Court remains persuaded that its ruling in the November 15, 2011 order was correct. Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

Next, this Court must turn to Plaintiff's motion for leave to file a second amended complaint. This motion is **GRANTED** and Plaintiff is given leave to file a second amended complaint. Plaintiff must keep in mind that the second amended complaint must conform with the ruling articulated by the Court in its November 15, 2011 order dismissing Defendants Hollingsworth and Lappin with prejudice from the action (Doc 15).[1] Indeed, Plaintiff should also note the November 15, 2011 order

---

[1] A "dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action." *Esquire, Inc. v. Varga Enter. Inc.*, 185 F.2d 14, 17 (7th Cir. 1950); *United States v. Parker*, 120 U.S. 89 (1887); *Baker v.*

dismissed Defendants Weaks, Department of Justice, Federal Bureau of Prisons, Irvin, Orthodox Union of Orthodox Jewish Congregations of America, Pryer, RPF Inc., and Watts without prejudice.[2] Plaintiff is **ORDERED** to file an amended complaint **on or before February 23, 2012.**

Finally, this Court must consider Plaintiff's motion to stay. Under Federal Rule of Procedure 62, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment - or any proceedings to enforce it - pending disposition . . . under Rule 60, relief from a judgment or order." FED. R. CIV. P. 62(b)(4). However, Plaintiff provides no discussion or allegations in support of the motion to stay. Accordingly, Plaintiff's motion for a stay is **DENIED**.

In summation, this Court finds Plaintiff's first motion (Doc. 19) **MOOT**. Plaintiff's motion for reconsideration of the Court's Order dated November 15, 2011 is **DENIED** (Doc. 20). Plaintiff's motion for leave to file a second amended complaint is **GRANTED** (Doc. 20). Plaintiff is **ORDERED** to file an amended complaint, consistent with this Court's November 15, 2011 order, **on or before February 23, 2012.** Plaintiff's motion for a stay is **DENIED** (Doc 20).

**IT IS SO ORDERED.**

DATED: February 2, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

*Cummings*, 181 U.S. 117 (1901).

[2]Dismissal without prejudice means "the plaintiff can refile . . . if he corrects the error or other deficiency that cause the suit to be dismissed." *Paul v. Marberry*, 658 F. 3d 702, 704 (7th Cir. 2011)