IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEVI HAWKIN, a/k/a LEVI MCRAE )
LUGINBYHL, JR., # 10089-062 )
                                    )
             Plaintiff,             )
                                    )   CIVIL NO. 11-128-GPM
vs.                                 )
                                    )
LISA J.W. HOLLINGSWORTH, et al.     )
                                    )
             Defendants.            )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on what this Court construes as a motion for reconsideration (Doc. 45) filed by Plaintiff Levi Hawkins on October 22, 2012.   On June 27, 2012, this Court dismissed Plaintiff's lawsuit pursuant to Federal Rule of Civil Procedure 41 and for failure to comply with a Court Order instructing Plaintiff to pay the full filing fee (*See* Doc. 42). Plaintiff now asks the Court to reconsider its prior decision dismissing this case because of newly discovered evidence (Doc. 45).   Yet it is not even clear this is the relief Plaintiff seeks until the third page of Plaintiff's motion.   The title of the document submitted by Plaintiff is "Notice of Liability and Opportunity to Cause In Rem In Personam" (Doc. 45).

The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." However, the Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.   *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994);

*United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

Motions to reconsider are essentially "a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)(internal quotation omitted).   Yet, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Federal Rule of Procedure 59(e) and 60(b) each provide for a specific type of motion, but both share the ultimate goal of erasing the finality of a judgment and allowing for further proceedings.   "Rule 59(e) governs motions to 'alter or amend' a judgment; Rule 60(b) governs relief from a judgment or order for various listed reasons." *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995).   It is also important to note that "Rule 59(e) generally requires a lower threshold of proof than does 60(b) . . . ." *Id.*

Where a substantive motion for reconsideration is filed within twenty-eight days of entry of the order, the Court usually construes these as a motion filed under Federal Rule of Procedure 59(e).   *Busby*, 34 F.3d at 535.   Here, Plaintiff filed his motion well outside of the twenty-eight day window from the entry of the Court's final Order.   Accordingly, the Court construes Plaintff's motion under Federal Rule of Procedure 60(b).   However, it is important to note that under either rule, Plaintiff's motion would fail because it is nothing more than five pages of unorganized, disjointed rambling.   There is simply no cognizable or discernible legal argument contained in Plaintiff's papers as it relates to a motion to reconsider.

Accordingly, Plaintiff's motion for reconsideration (Doc. 45) is **DENIED**.   The Court

remains persuaded that its order dismissing this case pursuant to Federal Rule of Procedure 41 and

for failure to comply with a Court order is correct.

**IT IS SO ORDERED.**

**DATED**:       November 21, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge